IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**RICHARD SIGALA,**

        **Petitioner,**

**vs.**                                                                 **No. CIV 10-540 LH/WDS**

**ERASMO BRAVO, Warden, and**
**GARY K. KING, Attorney General**
**for the State of New Mexico**


## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Richard Sigala's ("Petitioner") Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody filed June 2, 2010. [Doc. 1]. Erasmo Bravo, Warden, and Gary K. King, Attorney General for the State of New Mexico, ("Respondents") filed an Answer with accompanying Exhibits on August 6, 2010, requesting that the Petition be dismissed with prejudice as time barred pursuant to 28 U.S.C. §2244(d)(1). [Doc. 12]. Petitioner replied to Respondents' Answer on August 18, 2010. [Doc. 13]. Having considered the Petition, the Answer and accompanying exhibits, the Reply, and the applicable law, this Court recommends that the Petition be dismissed with prejudice.

### CLAIMS AND DEFENSES

Reading Petitioner's *pro se* motion liberally, *see Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005), Petitioner alleges the following four grounds for relief: (1) ineffective assistance of counsel; (2) actual innocence; (3) denial of fundamental fairness; and (4) violation of the *Brady* rule for failure to disclose impeachment evidence. Respondents contend, *inter alia*, that Petitioner's claims are barred by the one-year limitations period set forth in 28 U.S.C. §2244(d). Petitioner

claims that the one-year statute of limitations in §2244(d) does not apply to his case because §2254(e)(2) mandates that he receive an evidentiary hearing on his federal petition because he has established a colorable claim for relief and because he has never been accorded a state or federal hearing on his claims. [Doc. 13].

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is in the custody of Respondent Erasmo Bravo, Warden, pursuant to an Amended Judgment, Sentence and Commitment filed in the Fifth Judicial District Court, Eddy County, Cause No. CR-2002-64, on April 8, 2005. [Doc. 12, Exh. B].

Following a jury trial, Petitioner was convicted and sentenced for murder in the first degree, armed robbery, tampering with evidence, and conspiracy. [Doc. 12, Exh. A]. Petitioner was found to be an habitual offender with two prior felony offenses and was sentenced to a term of life plus eleven years with two years parole following his release. *Id.* Petitioner filed a Notice of Appeal on December 18, 2002. [Doc. 12, Exh. C]. On August 31, 2004, the New Mexico Supreme Court vacated the armed robbery conviction and remanded for an amended judgment and sentence. [Doc. 12, Exh. I]. The state district court entered an Amended Judgment and Sentence on April 8, 2005 deleting the count for armed robbery and altering Petitioner's parole period to one year. [Doc. 12, Exh. B]. The period of incarceration remained the same. *Id.*

On July 18, 2008, Petitioner filed a Writ of Habeas Corpus in the Fifth Judicial District, and filed an Amended Petition on June 30, 2009. [Doc. 12, Exh. K, N]. On September 25, 2009, the state district court entered its Order denying the Amended Petition. [Doc. 12, Exh. P]. On March 17, 2010, Petitioner filed a second or successive application for Petition for Writ of Habeas Corpus. [Doc. 12, Exh. S]. The state district court entered its Order dismissing the Petition on March 17, 2010. [Doc. 12, Exh. T]. Petitioner filed a Petition for Writ of Certiorari in the New Mexico

Supreme Court on April 19, 2009. [Doc. 12, Exh. U]. On April 28, 2010, the New Mexico Supreme Court entered its Order denying the Petition for Writ of Certiorari. [Doc. 12, Exh. V]. Petitioner filed his federal Petition for Writ of Habeas Corpus on June 2, 2010. [Doc. 1].

## APPLICABLE LAW

The provisions of 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), govern this case. The AEDPA provides a one-year statute of limitations for federal habeas petitions filed under 28 U.S.C. §2254. *See* 28 U.S.C. §2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year period for AEDPA is calculated using the "anniversary method." *See, e.g., United States v. Hurst,* 322 F.3d 1256, 1261-62 (10th Cir. 2003). "The time during which a properly filed application for State post-conviction or other collateral review...is pending shall not be counted toward" the one-year statute of limitations. *See* 28 U.S.C. §2244(d)(2). The filing of a state habeas petition or other collateral review tolls the limitations period; it does not restart the one-year clock. *See* 28 U.S.C. §2244(d). State post-conviction relief filed after the AEDPA's limitations period has run does not toll federal limitations pursuant to 28 U.S.C. §2244(d)(2). *Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir. 2001); *see, e.g., Laurson v. Leyba,* 507 F.3d 1230, 1232 (10th Cir. 2007).

**ANALYSIS**

Under 28 U.S.C. §2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, Petitioner's conviction became final thirty days after entry of the Amended Judgment and Sentence, which is May 8, 2005. [Doc. 12, Exh. B]. Petitioner then had one year or until May 9, 2006 to file his federal habeas petition or to file other requests for post-conviction relief which could toll the statute of limitations. 28 U.S.C. §2244(d)(2). Absent any tolling, the statute of limitations would run on May 9, 2006, one year after the judgment became final.

Petitioner did not file any post-conviction relief or other collateral review that would further toll the limitations period nor did he file his federal habeas petition prior to May 9, 2006. In fact, the next filing that Petitioner made was not until July 18, 2008, more than two years after the statute of limitations had run, when he filed his state habeas petition. As discussed, *supra*, state post-conviction relief or other collateral review filed after the AEDPA's limitation period does not toll federal limitations pursuant to 28 U.S.C. §2244(d)(2).

Petitioner filed his federal habeas on June 2, 2010, more than four years past the May 9, 2006 deadline for filing the federal petition. Accordingly, if none of the exceptions to the limitations period apply, Petitioner's Petition for Habeas Corpus is time barred and should be dismissed.

Petitioner does not dispute that absent an exception, the statute of limitations ran on May 9, 2006. Nor does Petitioner specifically contend that any of the exceptions set forth in 28 U.S.C. §2244(d)(1)(B), ©, or (D) apply to his case.[1] Petitioner argues only that §2254(e)(2) mandates that

---

[1] In his Reply, Petitioner states that he was illiterate at the time of the charges and only recently learned to read and write. To the extent this statement can be construed as an argument

4

he receive an evidentiary hearing on his federal petition because he has established a colorable claim for relief and he has never been accorded a state or federal hearing on his claims. [Doc. 13]. Petitioner's argument that the statute of limitations has not run because he is entitled to an evidentiary hearing is misplaced. The request for an evidentiary hearing in a federal habeas proceeding is reached only if Petitioner's substantive claims are properly before the Court and are not time barred under the applicable limitations period. This Court has found no law that holds otherwise. Because Petitioner's claims are time barred under 28 U.S.C. §2244, Petitioner's claim that he is entitled to an evidentiary hearing is not well taken and should be denied.

## RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Petitioner's Petition for a Writ of Habeas Corpus be dismissed with prejudice as time barred.

## NOTIFICATION

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and**

---

that the limitations period should be tolled due to illiteracy, that argument fails. Unfamiliarity with the English language does not toll the limitations period. *See generally Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (citations omitted). Petitioner further states that if DNA evidence would have been tested, the results would have shown that he was innocent. To the extent this statement can be construed as an argument that the limitations period should be tolled due to actual innocence, this argument also fails. Although actual innocence may toll the limitations period under certain circumstances, *id.*, a petitioner must support his allegation of actual innocence with "new reliable evidence...." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In the present case, Petitioner offers no evidence whatsoever beyond his conclusory statement to support a claim of actual innocence, and, accordingly, his argument fails.

**Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**